UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AUNHK RA AUNHKHOTEP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.  4:24-cv-01551-HEA |
| | ) |
| CAPTAIN BERTRICE THOMAS, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on self-represented plaintiff Aunhk Ra Aunhkhotep's application to proceed in the district court without prepaying fees or costs. After review of plaintiff's financial information, the Court finds that he is unable to pay the filing fee and grants the application. Additionally, for the reasons stated below, the Court will issue process on plaintiff's complaint as to defendants Bertrice Thomas, Raymond Brown, Bruce Boarders, and Chapman Lorenzo.

**Legal Standard on Initial Review**

Federal law allows individuals who cannot afford court fees to file lawsuits without prepaying those fees, a status known as proceeding "in forma pauperis" or "IFP." *See* 28 U.S.C. § 1915(a). While this provision promotes access to the courts, it includes statutory safeguards that require the Court to evaluate a complaint before issuing service of process on defendants. Under this initial screening process, the Court must dismiss any complaint that (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

The Court must liberally construe complaints filed by self-represented individuals under § 1915(e)(2). *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). If the essence of an allegation is discernible, the district court should interpret the complaint in a way that allows the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Liberal construction, however, does not exempt self-represented plaintiffs from the fundamental requirement of pleading facts sufficient to state an actionable claim. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court will not supply additional facts or construct legal theories to support the plaintiff's claims. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

To adequately state a claim for relief, a complaint must include sufficient factual detail to demonstrate that the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action" are insufficient. *Id.* at 678. A claim is plausible if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## The Complaint

Plaintiff brings this action under § 1983 alleging several employees of the St. Louis City Justice Center violated his constitutional rights by denying him the right to video record in the lobby of the Justice Center. He names as defendants the following Justice Center employees: Bertrice Thomas, Raymond Brown, Bruce Boarders, and Chapman Lorenzo. He sues all defendants in their individual capacities only.

Plaintiff states that on April 29, 2024, he visited the St. Louis City Justice Center to video record in the lobby and to submit a Missouri Sunshine Law records request. He states defendants Thomas, Brown, Boarders, and Lorenzo entered the lobby and beat him "about the arms, hands,

back and head, leaving plaintiff with a knot on lower right arm." ECF No. 1 at 6. He alleges this violated his First Amendment right "to record in public area of lobby," constituted retaliation for exercising his First Amendment right, and violated Missouri's state law against assault. *Id.*

For relief, plaintiff seeks actual damages of $5,000, emotional damages of $2 million, and punitive damages of $2 million.

## Discussion

(1)     First Amendment—Right to Record Government Officials

Plaintiff alleges defendants violated his First Amendment right to video record in the lobby of the Justice Center when they assaulted him. Several federal circuit courts have found the filming of government officials engaged in their duties in a public place to be within First Amendment protections. *Gilk v. Cunniffe*, 655 F.3d 78, 82 (1st Cir. 2011) (recognizing videotaping public officials is an exercise of First Amendment liberties) (citing cases). These protections are subject to reasonable time, place, and manner restrictions. *Id.* at 84. "It is true that the First, Third, Fifth, Seventh, Ninth, and Eleventh Circuits have all held that the First Amendment protects the act of photographing, filming, or otherwise recording police officers conducting their official duties in public." *Sandberg v. Englewood, Co.*, 727 Fed. App'x 950, 963 (10th Cir. 2018) (citing cases). While the Court has not found an Eighth Circuit case directly on point, it finds that plaintiff has stated a plausible claim the defendants violated his First Amendment rights when they assaulted him while he was filming in the Justice Center. The Court will issue service on plaintiff's First Amendment claims under 42 U.S.C. § 1983 against defendants Thomas, Brown, Boarders, and Lorenzo.

*(2)     First Amendment—Retaliation*

As a general matter, the First Amendment also prohibits government officials from retaliating against an individual for speaking out. *See Hartman v. Moore*, 547 U.S. 250, 256 (2006). In order to prevail on a First Amendment retaliation claim, a plaintiff "must show that [he] engaged in protected activity, that the [defendant's] actions caused an injury to the [plaintiff] that would chill a person of ordinary firmness from continuing to engage in the activity, and that a causal connection exists between the retaliatory animus and the injury." *Small v. McChrystal*, 708 F.3d 997, 1008 (8th Cir. 2013). Retaliation does not need to be the "sole motive" in taking an action against the plaintiff, but it must have been a "substantial factor" in the decision. *Kilpatrick v. King*, 499 F.3d 759, 767 (8th Cir. 2007).

Here, plaintiff alleges he was beaten by defendants for filming in a public area of the Justice Center. As stated above, it is plausible that defendants violated plaintiff's First Amendment right to film public officials engaged in their duties in a public place. He was allegedly singled out and beaten for exercising this right, which the Court finds would chill a person of ordinary firmness from continuing to record. Therefore, plaintiff has stated a plausible claim against defendants for First Amendment retaliation. The Court will issue service on defendants on this claim.

*(2)     State Law Assault Claims*

Finally, plaintiff alleges a claim under Missouri law for assault. To state a claim for assault under Missouri law, a plaintiff must show that (1) the defendant acted with the intent to cause bodily harm or offensive contact, or to create a reasonable apprehension of such, (2) the defendant's conduct indicated such intent, and (3) the plaintiff experienced apprehension of imminent bodily harm or offensive contact because of the defendant's action. *Phelps v. Bross*, 73

S.W.3d 651, 656 (Mo. Ct. App. 2002). To state a claim under Missouri law for battery, a plaintiff must show defendant intentionally made harmful or offensive bodily contact with him. *Id.*

Here, plaintiff has made sufficient plausible allegations to state a claim for assault and battery. He alleges defendants beat him about his upper body. Because these state law claims arise from the same factual allegations as his First Amendment claims, judicial economy, convenience, and fairness support the exercise of supplemental jurisdiction over these assault and battery claims. Therefore, the Court will exercise supplemental jurisdiction over these claims. *See* 28 U.S.C. § 1367(a).

For the foregoing reasons, the Court will issue process on plaintiff's complaint against defendants Bertrice Thomas, Raymond Brown, Bruce Boarders, and Chapman Lorenzo in their individual capacities.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in district court without prepaying fees or costs is **GRANTED**. [ECF No. 4]

**IT IS FURTHER ORDERED** that plaintiff's motion requesting the Court to take judicial notice of his in forma pauperis status is **DENIED as moot**. [ECF No. 2]

**IT IS FURTHER ORDERED** that the Clerk of Court shall cause process to issue as to defendants Bertrice Thomas, Raymond Brown, Bruce Boarders, and Chapman Lorenzo pursuant to the waiver of service agreement this Court maintains with the St. Louis City Counselor's Office.

Dated this 29th day of January, 2025.

                                        HENRY EDWARD AUTREY
                                        UNITED STATES DISTRICT JUDGE