UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| AUNHK RA AUNHKHOTEP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-cv-01551-CMS |
| | ) | |
| CAPTAIN BATRICE THOMAS, | ) | |
| | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Raymond Brown and Captain

Batrice Thomas' Motion to Dismiss (Doc. 22), and Defendant Lorenzo Chapman's

Motion to Dismiss (Doc. 25). For the reasons stated herein, the motions are

GRANTED in part. Plaintiff's Complaint (Doc. 1) is **DISMISSED** with leave to

amend.

### PLAINTIFF'S FACTUAL ALLEGATIONS

In its entirety, Plaintiff's *pro se* complaint makes the following factual

allegations:

> On April 29, 2024, Plaintiff visited St. Louis City Justice Center to
> record in the public lobby area and to submit Missouri sunshine record
> requests. Defendants Thomas, Brown, Boarders and Lorenzo entered
> the lobby area, beat Plaintiff about the arms, hands, back and head,
> leaving Plaintiff with a knot on the lower right arm.

1

(Doc. 1 at 6).

Plaintiff alleges three causes of action: (1) a First Amendment claim because "Defendants Thomas, Brown, Boarders and Lorenzo denied Plaintiff right to record in public area of lobby"; (2) a "Retaliation for Recording" claim because "Defendants Thomas, Brown, Boarders and Lorenzo retaliated against Plaintiff for recording in lobby area"; and (3) "Assault for Recording." (Doc. 1 at 6).

Defendants Brown, Thomas, and Chapman moved to dismiss Plaintiff's complaint on several grounds.[1] (Doc. 22; 25).

## ANALYSIS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face.'" *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (en banc) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The plaintiff must allege more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *K.T. v. Culver-Stockton College*, 865 F.3d 1054, 1057 (8th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678). This Court assumes all the complaint's factual allegations are true and construes all reasonable inferences in the plaintiff's favor. *Unesko v. MEMC LLC*, 926 F.3d 468, 472 (8th Cir. 2019) (citing *Retro Television, Inc. v. Luken Commc'ns,*

---

[1] On May 21, 2025, the Honorable Henry Edward Autrey entered an order dismissing Plaintiff's claims without prejudice against Defendant Boarders pursuant to Rule 4(m). (Doc. 33).

*LLC*, 696 F.3d 766, 768 (8th Cir. 2012)). "Though *pro se* complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citation omitted).

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiff's complaint fails to meet even the level of "[t]hreadbare recitals of the elements of a cause of action." *K.T.*, 865 F.3d at 1057 (quoting *Iqbal*, 556 U.S. at 678). At a minimum, a First Amendment claim based on conduct requires the plaintiff to identify "(1) "[a]n intent to convey a particularized message" and (2) that "in the surrounding circumstances the likelihood was great that the message would be understood by those who viewed it." *Baribeau v. City of Minneapolis*, 596 F.3d 465, 475 (8th Cir. 2010) (quoting *Spence v. State of Wash.*, 418 U.S. 405, 410–11 (1974)). Plaintiff's conclusory statement that the Defendants "denied Plaintiff right to record in public area of lobby" alleges neither.

3

Plaintiff's other claims fare no better. "To prevail on a First Amendment retaliation claim, [a plaintiff] must show: (1) [he] engaged in protected activity; (2) [the defendants] caused an injury to the [plaintiff] that would chill a person of ordinary firmness from continuing the activity; (3) and a causal connection between the retaliatory animus and injury." *Quraishi v. St. Charles County, Missouri*, 986 F.3d 831, 837 (8th Cir. 2021) (citing *Baribeau*, 596 F.3d at 481). While Plaintiff manages to at least recite these three elements, he adds nothing more.

Similarly, to recover damages for assault under Missouri law, a plaintiff must allege: (1) "[the] defendant's intent to cause bodily harm or offensive contact, or apprehension of either; (2) conduct of the defendant indicating such intent, and (3) apprehension of bodily harm or offensive contact on the part of the plaintiff caused by defendant's conduct." *Devitre v. Orthopedic Center of St. Louis, LLC,* 349 S.W.3d 327, 335 (Mo. 2011) (en banc) (quoting *Phelps v. Bross*, 73 S.W.3d 651, 655 (Mo. App. 2002)). Plaintiff altogether has failed to plead any one of these elements.

All of that said, this is Plaintiff's first attempt to plead this specific case. "Ordinarily dismissal of a plaintiff's complaint for failure to comply with Rule 8 should be with leave to amend." *Michaelis v. Nebraska State Bar Ass'n*, 717 F.2d

4

437, 438–39 (8th Cir. 1983). Plaintiff's three claims are DISMISSED with leave to amend.[2]

## CONCLUSION

Defendants Raymond Brown and Captain Batrice Thomas' Motion to Dismiss Plaintiffs' Complaint (Doc. 22) and Defendant Lorenzo Chapman's Motion to Dismiss (Doc. 25) are GRANTED in part. Plaintiffs' Complaint (Doc. 1) is **DISMISSED** with leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to file an amended complaint on or before May 26, 2026. If Plaintiff does not file an amended complaint by May 26, 2026, the Court shall dismiss this case with prejudice and without further notice to Plaintiff.

_____
CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE

---

[2] Because the Court otherwise dismisses the Complaint, the Court does not address Defendants' claims that qualified immunity and official immunity bar Plaintiff's claims.